IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:14cr403-MHT |
| | ) | (WO) |
| JAMES RICHARD LAWLOR | ) | |

ORDER

Defendant James Richard Lawlor is now before the court for sentencing for one count of obtaining oxycodone by fraud and deception, in violation of 21 U.S.C. § 843(a)(3).  As part of this process, Lawlor has stated that his untreated bipolar disorder, drug addiction, and attempts to cope with recurring pain from a car accident, which deepened his addiction, contributed to his past criminal activity and the crime that brings Lawlor before the court today.  All parties and probation agree that these issues merit further consideration.  The court therefore orders a 'presentence study' on Lawlor's condition pursuant to

18 U.S.C. § 3552(b) for the purpose of assisting the court in fashioning an appropriate sentence.

"Although district courts are no longer bound to follow the Sentencing Guidelines after United States v. Booker, 543 U.S. 220 (2005), they still must consult the Guidelines and take them into account when sentencing defendants." United States v. Todd, 618 F. Supp. 2d 1349, 1352-53 (M.D. Ala. 2009) (Thompson, J.). The court must calculate the applicable range of sentences recommended by the Guidelines. The court may then decide to impose a sentence outside of the Guidelines system, commonly known as a "variance."

The court is bound, however, to impose a sentence that is reasonable. The factors set forth in 18 U.S.C. § 3553(a) guide the court's determination of the reasonableness of a sentence. Those factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to punish the offender, protect the public from the defendant, rehabilitate the

2

defendant, deter others, and provide medical care; (4) the kinds of sentences available; (5) the sentencing range established by the Sentencing Guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need for restitution.  18 U.S.C. § 3553(a).

U.S. Probation officers routinely prepare presentence investigation reports to assist the court during sentencing pursuant to 18 U.S.C. § 3552(a).  However, § 3552(b) also authorizes the court to order a "study of the defendant" if it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed."  18 U.S.C. § 3552(b).  The court here desires a report on how Lawlor's untreated bipolar disorder, addiction to pain killers, and attempts to cope with the recurring pain from his car accident, including increased

3

reliance on pain medication, impact any of the eight sentencing factors listed above.

While, ordinarily, a § 3552(b) study "shall be conducted in the local community by qualified consultants," the statute also authorizes the court to order that the study be done by the Bureau of Prisons upon the finding of "a compelling reason." 18 U.S.C. § 3552(b). In this case, the court finds that Lawlor's past inability or failure to attend medical appointments as well as the need for sustained treatment and observation are compelling reasons to order that the § 3552(b) study be conducted by the Bureau of Prisons.

***

Accordingly, it is ORDERED as follows:

(1) The Attorney General should find a placement for defendant James Richard Lawlor for a presentence study, as set forth in this order. The court recommends that he be placed as close as possible to Huntsville, Alabama.

4

(2) Defendant Lawlor is to self-surrender to the facility identified by the Attorney General on the date decided by the Attorney General. Once the evaluation is complete, he will be released under the same conditions that he arrived at the facility--that is, he will be responsible for his own return transportation.

(3) Defendant Lawlor will be responsible for the cost of transportation to and from the facility.

(4) Defendant Lawlor will be examined for a period not to exceed 60 days.  The court also has the discretion to extend this period for up to an additional 60 days.

(5) The medical personnel of the facility shall evaluate defendant Lawlor's physical and psychological condition and prepare a report to be presented to this court.  In particular, the report shall address:

   A.  How defendant Lawlor's untreated bipolar disorder, his drug addiction, and his attempts to cope with the recurring pain from his car accident, including possible increased addiction, impacts the

5

sentencing factors set forth in 18 U.S.C. § 3553(a); and

      B.    Any other matters the Bureau of Prisons believes are pertinent to the factors set forth in 18 U.S.C. § 3553(a).

DONE, this the 12th day of March, 2015.

                                     /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE